AMSTER, ROTHSTEIN & EBENSTEIN LLP
ANTHONY F. LO CICERO, NY SBN1084698
alocicero@arelaw.com
CHESTER ROTHSTEIN, NY SBN2382984
crothstein@arelaw.com
MARC J. JASON, NY SBN2384832
mjason@arelaw.com
JESSICA CAPASSO, NY SBN4766283
jcapasso@arelaw.com
90 Park Avenue
New York, NY 10016
Telephone:    (212) 336-8000
Facsimile:    (212) 336-8001
(*Pro Hac Vice Applications Forthcoming*)

HANSON BRIDGETT LLP
GARNER K. WENG, SBN191462
gweng@hansonbridgett.com
CHRISTOPHER S. WALTERS, SBN267262
cwalters@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Plaintiffs
MACY'S, INC. and MACYS.COM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MACY'S, INC. and MACYS.COM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STRATEGIC MARKS, LLC and ELLIA KASSOFF, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, DILUTION, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiffs Macy's, Inc. and Macys.com, Inc. (collectively and individually "Macy's" or "Plaintiffs"), by their attorneys, for their complaint against Defendants Strategic Marks, LLC ("Strategic Marks") and Ellia Kassoff (collectively "Defendants") allege as follows:

INTRODUCTION

1.      Macy's is commencing this action on an emergent basis to prevent the expansion of Defendants' willful, intentional and flagrant misappropriation of Macy's famous trademarks.  This is the second action that Macy's has brought against Strategic Marks.  On the eve of trial in a related case involving Strategic Marks' infringement of other Macy's trademarks, Defendants have expanded their infringement to misappropriate twelve additional Macy's trademarks.

NATURE OF THE ACTION

2.      This is an Action for trademark infringement, false designation of origin, false advertising, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and federal and state common law.  Defendants have willfully and unlawfully infringed the Heritage Marks (as defined below) with the clear and unmistakable intent and effect of causing confusion, mistake, and deception among customers and potential customers.

3.      Macy's, through itself and its subsidiaries, is the owner and user of the following world famous marks for various goods and services which will be detailed below:  MARSHALL FIELD'S, BURDINES, FOLEY'S, GOLDSMITH'S, HECHT'S, I. MAGNIN, KAUFMANN'S, LAZARUS, MEIER & FRANK, RICH'S, STRAWBRIDGE'S  and STERN'S (collectively and individually, the "Heritage Marks").

4.      Macy's has used the Heritage Marks, *inter alia*, in the following stylized formats (collectively and individually, the "Macy's Famous Stylized Nameplates"):

     

10879437.1

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

















23      5.      This Complaint asserts claims against Defendants arising from Defendants'

24  trademark infringement, false advertising, false designation of origin, unfair competition,

25  and dilution of the Heritage Marks and Macy's Famous Stylized Nameplates.

26      6.      Macy's asks this Court to enjoin the infringement, false advertising, false

27  designation of origin, dilution, and unfair competition caused by Defendants' wrongful

28  activities and to compensate Macy's for the damages which Defendants have caused

1  and the unjust enrichment they have received.

2  THE PARTIES

3      7.      Plaintiff Macy's, Inc. is a corporation organized and existing under the laws

4  of the State of Delaware with a principal place of business at 7 West Seventh Street,

5  Cincinnati, OH 45202 and operates several Macy's department stores within this Judicial

6  District.

7      8.      Plaintiff Macys.com, Inc. is a corporation organized and existing under the

8  laws of the State of New York with a principal place of business at 680 Folsom Street,

9  San Francisco, CA 94107 and operates the online department store www.macys.com.

10     9.      Upon information and belief, Defendant Strategic Marks is a limited liability

11  company organized and existing under the laws of the State of California, with a place of

12  business at 47 Ocean Heights Drive, Newport Coast, CA 92657.

13     10.     Upon information and belief, Defendant Ellia Kassoff is an individual having

14  a place of business at 47 Ocean Heights Drive, Newport Coast, CA 92657.  Upon

15  information and belief, Defendant Ellia Kassoff is the active, conscious, and dominant

16  force behind the wrongful acts of Strategic Marks as set forth herein.  Thus, Defendant

17  Ellia Kassoff is personally responsible for such acts.

18  JURISDICTION AND VENUE

19     11.     This is an action for trademark infringement, false advertising, false

20  designation of origin, trademark dilution, and unfair competition arising under the

21  Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.* and under the common law.  This

22  Court has jurisdiction over the subject matter of this action under the Trademark Act of

23  1946, 15 U.S.C. § 1121 and the Judicial Code, 28 U.S.C. §§ 1331 and 1338.  This Court

24  has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367,

25  which arise out of the same nucleus of operative fact as the substantial Federal law

26  claims to which they are joined.

27     12.     Defendant Strategic Marks is subject to this Court's personal jurisdiction

28  pursuant to Rule 4 of the Federal Rules of Civil Procedure because it does business in

COMPLAINT

1    this Judicial District, including offering infringing products that contain the Heritage Marks

2    within this State and in this District, and expressly aiming the acts alleged in this

3    Complaint at this District, which is the home of Plaintiff Macys.com, Inc.

4          13.    Defendant Ellia Kassoff is subject to this Court's personal jurisdiction

5    pursuant to Rule 4 of the Federal Rules of Civil Procedure because he does business in

6    this Judicial District, including offering infringing products that contain the Heritage Marks

7    within this State and in this District, and expressly aiming the acts alleged in this

8    Complaint at this District, which is the home of Plaintiff Macys.com, Inc.

9          14.    Venue is proper in this judicial district under 28 U.S.C. § 1391, among other

10   things because the injury caused by the acts alleged in this Complaint was felt in this

11   District.

12                              <u>INTRADISTRICT ASSIGNMENT</u>

13         15.    Intradistrict Assignment of this intellectual property action (trademark) is

14   proper on a district-wide basis pursuant to Local Rule 3-2(c) and General Order No. 44.

15                                <u>FACTUAL BACKGROUND</u>

16                                <u>MACY'S HERITAGE MARKS</u>

17         16.    Macy's, by itself and through related entities and predecessor entities, is a

18   leading operator of retail department stores in the United States.  Macy's operates, *inter*

19   *alia*, numerous MACY'S retail department stores throughout the country, including in this

20   State.  Macy's also operates an online retail store at www.macys.com.

21         17.    Macy's is the owner of various retail stores under marks in addition to

22   MACY'S, including but not limited to the Heritage Marks, which are described as follows:

23         a)    <u>MARSHALL FIELD'S</u> was established in 1865 as a dry goods store

24   and quickly developed into a Chicago landmark and iconic department store throughout

25   Illinois.  Macy's continues to sell the iconic MARSHALL FIELD'S candies.

26         b)    <u>BURDINES</u>, initially opened in Miami in 1898, grew to be a

27   prominent Florida department store.

28

                                         -5-

1        c)     <u>FOLEY'S</u> was founded by brothers Pat and James Foley in Houston

2 in 1900 and grew to be, at one point, the largest volume department store in the state.

3        d)     <u>GOLDSMITH'S</u> was established by Jacob Goldsmith in Memphis in

4 1870 and expanded into a local chain known as "Memphis' Greatest Store."

5        e)     <u>HECHT'S</u>, established in 1860, grew to be a prominent department

6 store in the Washington, D.C. area.

7        f)     <u>I. MAGNIN</u> was initially established by Mary Ann Magnin in San

8 Francisco in 1876 and quickly grew into a well-known, upscale department store.

9        g)     <u>KAUFMANN'S</u> was initially established in Pittsburgh in 1871 and

10 expanded throughout Pennsylvania, Ohio, New York, and West Virginia, becoming a

11 staple in malls and shopping centers.

12        h)     <u>LAZARUS</u> was founded by Simon Lazarus in Columbus in 1851 and

13 expanded to become one of the most prominent department stores in the Midwest.

14        i)     <u>MEIER & FRANK</u> was founded in Portland in 1857 and expanded to

15 become one of the most recognized department stores in Oregon.

16        j)     <u>RICH'S</u> was founded in Atlanta in 1867 and quickly became a

17 Southern institution.

18        k)     <u>STRAWBRIDGE'S</u> was initially established by Justus Strawbridge

19 and Isaac Clothier in Philadelphia in 1868 who made history by expanding their beloved

20 department store into the suburbs.

21        l)     <u>STERN'S</u> was founded by brothers Isaac, Louis, and Benjamin

22 Stern in 1867 and became a widely popular department store throughout New York, New

23 Jersey and Pennsylvania.

24      18.     The Heritage Marks, by reason of the high quality retail and other services

25 provided under them and the quality of design and workmanship of the wearing apparel

26 and other goods sold, have come to be known to the purchasing public as representing

27 products and services of the highest quality, which are provided under the best

28 merchandising and customer service conditions.  As a result thereof, the Heritage Marks

COMPLAINT

10879437.1

1  and the goodwill associated therewith are well-known to the public and of inestimable

2  value to Macy's.

3         19.     Macy's is the owner of, *inter alia*, the following U.S. trademark and service

4  mark registrations for the Heritage Marks (collectively and individually, "Macy's

5  Registrations")[1]:

6         a)     MARSHALL FIELD'S (stylized), U.S. Trademark Registration No.

7                1,273,664, issued April 10, 1984, for shirts.

8         b)     MARSHALL FIELD'S (stylized), U.S. Trademark Registration No.

9                1,270,920, issued March 20, 1984, for candies.

10        c)     MARSHALL FIELD'S, U.S. Trademark Registration No. 4,476,894,

11               issued February 4, 2014, for tote bags.

12        d)     BURDINES, U.S. Trademark Registration No. 4,504,002, issued

13               April 1, 2014, for t-shirts and tote bags.

14        e)     I. MAGNIN, U.S. Trademark Registration No. 980,735, issued March

15               26, 1974, for handbags and shirts.

16        f)     KAUFMANN'S, U.S. Trademark Registration No. 4,500,315, issued

17               March 25, 2014, for t-shirts and tote bags.

18        g)     LAZARUS, U.S. Trademark Registration No. 4,364,626, issued July

19               9, 2013, for t-shirts and tote bags.

20        h)     MEIER & FRANK, U.S. Trademark Registration No. 4,476,895,

21               issued February 4, 2014, for t-shirts and tote bags.

22        i)     RICH'S, U.S. Trademark Registration No. 4,476,896, issued

23               February 4, 2014, for t-shirts and tote bags.

24

25  _____

26  [1]Macy's Registrations are owned by Plaintiff Macy's, Inc., Macy's West Stores, Inc., and/or
    Macy's Retail Holdings, Inc.  Macy's West Stores, Inc. is a wholly owned subsidiary of Macy's
27  Retail Holdings, Inc., which in turn is a wholly owned subsidiary of Plaintiff Macy's, Inc.

28

COMPLAINT

10879437.1

1        j)        STRAWBRIDGE'S, U.S. Trademark Registration No. 4,500,316,

2                  issued March 25, 2014, for t-shirts and tote bags.

3    True and correct copies of Macy's Registrations are attached hereto as Exhibit A.

4        20.      The Heritage Marks, by virtue of their wide renown, have developed a

5    secondary meaning and significance in the minds of the trade and the purchasing public,

6    such that the retail department store services, online retail store services, and related

7    goods and services offered thereunder are immediately identified with a single source by

8    the purchasing public.

9        21.      Over time, Macy's has transitioned its stores from the Heritage Marks to

10   Macy's.  With the transition of the Heritage Marks stores, the goodwill in the Heritage

11   Marks transferred to Macy's.

12       22.      Macy's has taken active, affirmative, and successful steps to retain and

13   foster the goodwill of the Heritage Marks.

14       23.      Macy's uses its Heritage Marks in United States commerce, including but

15   not limited to within its Macys.com website.

16       24.      The relevant consuming public recognizes that the Heritage Marks are

17   trademarks and service marks indicating a single source of origin.

18       25.      Based on the fame of, and existing goodwill in, the Heritage Marks for retail

19   department store services, online retail store services, and related goods and services,

20   Defendants seek to usurp that goodwill and dilute those marks.

21                        <u>DEFENDANTS' WRONGFUL ACTIVITIES</u>

22       26.      Long after Plaintiffs' adoption and first use of the Heritage Marks for retail

23   department store services, online retail store services, and related goods and services,

24   Defendants applied to federally register marks identical to the Heritage Marks for identical

25   goods and services (the "Infringing Marks").

26       27.      Defendants have applied for the following U.S. registrations for the

27   Infringing Marks:

28

a)      U.S. Trademark Application Serial No. 86040629, filed August 16, 2013, for the Infringing Mark MARSHALL FIELD'S for, *inter alia*, candies and chocolates.

b)      U.S. Trademark Application Serial No. 85933442, filed May 15, 2013, for the Infringing Mark MARSHALL FIELD'S for, *inter alia*, retail department store and on-line retail department store services.

c)      U.S. Trademark Application Serial No. 85933454, filed May 15, 2013, for the Infringing Mark RICH'S for, *inter alia*, retail department store and on-line retail department store services.

d)      U.S. Trademark Application Serial No. 85933452, filed May 15, 2013, for the Infringing Mark FOLEY'S for, *inter alia*, retail department store and on-line retail department store services.

e)      U.S. Trademark Application Serial No. 85933451, filed May 15, 2013, for the Infringing Mark STRAWBRIDGE'S for, *inter alia*, retail department store and on-line retail department store services.

f)      U.S. Trademark Application Serial No. 85933449, filed May 15, 2013, for the Infringing Mark STERN'S for, *inter alia*, retail department store and on-line retail department store services.

g)      U.S. Trademark Application Serial No. 85933446, filed May 15, 2013, for the Infringing Mark MEIER & FRANK for, *inter alia*, retail department store and on-line retail department store services.

h)      U.S. Trademark Application Serial No. 85933440, filed May 15, 2013, for the Infringing Mark LAZARUS for, *inter alia*, retail department store and on-line retail department store services.

i)      U.S. Trademark Application Serial No. 85933437, filed May 15, 2013, for the Infringing Mark KAUFMANN'S for, *inter alia*, retail department store and on-line retail department store services.

10879437.1

COMPLAINT

1           j)       U.S. Trademark Application Serial No. 85933434, filed May 15,

2 2013, for the Infringing Mark I. MAGNIN & COMPANY for, *inter alia*, retail department

3 store and on-line retail department store services.

4           k)       U.S. Trademark Application Serial No. 85933433, filed May 15,

5 2013, for the Infringing Mark HECHT'S for, *inter alia*, retail department store and on-line

6 retail department store services.

7           l)       U.S. Trademark Application Serial No. 85933432, filed May 15,

8 2013, for the Infringing Mark GOLDSMITH'S for, *inter alia*, retail department store and

9 on-line retail department store services.

10           m)       U.S. Trademark Application Serial No. 85933423, filed May 15,

11 2013, for the Infringing Mark BURDINE'S for, *inter alia*, retail department store and on-

12 line retail department store services.

13        28.     In 2011, Defendants created the website www.retrodepartmentstores.com

14 where they advertised and offered for sale goods using marks and logos owned by

15 Macy's and publicized their intention to use these marks for retail department store

16 services and online retail store services.  Defendants' infringement of these Macy's

17 trademarks is the subject of a prior lawsuit brought by Macy's in this district captioned,

18 *Macy's, Inc. & Macys.com, Inc. v. Strategic Marks, LLC*, Civil Action No. 11-cv-06198.  In

19 or about January 2015, Defendants expanded their infringement to misappropriate twelve

20 additional Macy's trademarks -- the Infringing Marks that are the subject of this

21 Complaint.

22        29.     Defendants offer for sale and sell products bearing the Infringing Marks on

23 their website, www.retrodepartmentstores.com.  Defendants' website has been

24 intentionally formatted and designed to replicate Macy's website - i.e., an individual web

25 page for each Infringing Mark which describes the actual history of each Heritage Marks

26 store, uses their iconic logos, and offers for sale products bearing the Infringing Marks.

27        30.     The products Defendants offer for sale on their website bearing the

28 Infringing Marks use typestyles which are intentionally identical to those used by Macy's

1   for its corresponding Heritage Marks.  Attached to this Complaint as Exhibit B is a true

2   and correct copy of the home page of Defendants' www.retrodepartmentstores.com

3   website showing use of the Infringing Marks in the infringing typestyles.

4         31.   Defendants' typestyles include but are not limited to the following:



26         32.   Defendants are currently using the Infringing Marks on goods which are

27   identical counterfeits to those sold by Macy's on its Brand Heritage webpage - i.e., t-shirts

28

1  bearing the Heritage Marks.

2      33.    Defendants are also offering for sale candy under the Infringing Marks,

3  which Macy's sells under its iconic MARSHALL FIELD'S trademark.

4      34.    Defendants have indicated their intent to use the Infringing Marks for

5  services which are identical to services Macy's provides - i.e., retail department store

6  services and online retail store services featuring clothing and clothing accessories,

7  cosmetics and fragrances, jewelry and home furnishings.

8      35.    Defendants have stated that their intention is to use Heritage Marks

9  precisely because they are famous and their existing goodwill is valuable.  In promotional

10  text, Defendants have written that they are:

11              Bringing back all the old department stores you remember
               and loved.
12
               ...
13              Retro Fashion Mall is proud to bring back a legend!  Marshall
               Field's, a Chicago based company with over 160 year history.
14

15      36.    In an apparent attempt to clothe themselves in the goodwill associated with

16  the Heritage Marks, Defendants have advertised the Infringing Marks using Macy's

17  famous fonts and logs, making reference to Macy's most iconic flagship stores, their rich

18  histories and the beloved traditions associated with the Heritage Marks.  Attached to this

19  Complaint as Exhibit C is a representative page from Defendants'

20  www.retrodepartmentstores.com website which advertises Rich's, stating:

21              The, 'Georgia Peach' has come back with all the excitement as you
               remembered. . . . We hope to bring back the amazing legacies you
22              remember; such as Great Tree and the Pink Pig.

23      37.    The use by Defendants of the Infringing Marks has been willful and without

24  the consent of Macy's.

25      38.    Defendants' use of the Infringing Marks is likely to deceive, cause confusion

26  and mistake in the minds of the purchasing public, and in particular, tends to and does

27  falsely create the impression that Defendants' goods and services are conducted by or in

28  association with Plaintiffs (e.g., Defendants are endorsed by or may have become part of

1 | Plaintiffs' store family).

2 | 39. Upon information and belief, Defendants were aware of Macy's proprietary

3 | rights in the Heritage Marks before Defendants began using the Infringing Marks.

4 | 40. Defendants are intentionally trying to usurp the existing and residual

5 | goodwill and secondary meaning of the Heritage Marks by falsely suggesting a

6 | connection to Macy's famous stores. Defendants' web site states:

7 | > The same Marshall Field's you remember growing up with is
8 | > back.

9 | *See* Exhibit D attached hereto.

10 | > Now, through Retro Departmentstores.com and later
11 | > Retrofashionmall.com,, we brought back twenty-one of the
> greatest department stores of the 20th century...

12 | *See* Exhibit E attached hereto.

13 |

14 | <u>FIRST CLAIM FOR RELIEF</u>

15 | <u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS</u>
16 | <u>15 U.S.C. § 1114</u>
<u>(MARSHALL FIELD'S, BURDINES, I. MAGNIN, KAUFMANN'S, MEIER & FRANK,</u>
17 | <u>LAZARUS, RICH'S, STRAWBRIDGE'S)</u>

18 | 41. Macy's incorporates by reference as if fully set forth herein the averments

19 | contained within the preceding paragraphs 1 through 40, inclusive.

20 | 42. Defendants infringe Macy's Registrations, trademarks registered in the

21 | United States Patent and Trademark Office, in violation of the Trademark Act of 1946, 15

22 | U.S.C. § 1051, *et. seq.*, particularly under 15 U.S.C. § 1114(1).

23 | 43. Defendants' Infringing Marks are spurious marks that are substantially

24 | identical to the marks in Macy's Registrations.

25 | 44. Defendants' use of and offer for sale of goods bearing the Infringing Marks

26 | is likely to cause confusion and mistake in the minds of the purchasing public, and in

27 | particular, tends to and does falsely create the impression that Defendants' goods and

28 | services are conducted by or in association with Macy's (e.g., Defendants may have

become part of Plaintiffs' store family) and therefore constitutes a violation of Plaintiffs' registered trademarks within the terms of Section 32 of the Trademark Act, 15 U.S.C. § 1114.

45. Upon information and belief, Defendants' infringement has been willful and intentional.

46. As a direct and proximate result of Defendants' illegal activities as alleged above, Macy's has been severely damaged. Defendants' acts in infringing Macy's Registrations have caused, and will continue to cause, irreparable harm to Plaintiffs unless enjoined by this Court.

<u>SECOND CLAIM FOR RELIEF</u>

<u>FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION</u>
<u>15 U.S.C. § 1125(a)</u>
<u>(ALL HERITAGE MARKS)</u>

47. Macy's incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 46, inclusive.

48. This Claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et. seq., particularly under U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin and false descriptions and representations.

49. Defendants' use of the Infringing Marks is likely to create confusion and to deceive consumers as to the source of origin, sponsorship and/or authorization of Defendants' business.

50. As more fully set forth above, the Heritage Marks have come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Plaintiffs. The purchasing public is likely to mistakenly attribute to Plaintiffs the use by Defendants of the Infringing Marks as a source of origin, authorization, affiliation, and/or sponsorship for Defendants' retail department store services, online retail store services, and related goods and services and, therefore, to use Defendants' services and purchase Defendants' products in that erroneous belief.

10879437.1

COMPLAINT

51.     Defendants' adoption and continued willful use of a mark confusingly similar to that of Macy's as herein above alleged, constitutes a use in interstate commerce and a false designation of origin or false and misleading description or representation of goods and/or services in commerce, with knowledge of the falsity, and deceptive misdescription, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities and origin of Defendants' retail department store services, online retail store services, and related goods and services and commercial activities, within the meaning and in violation of 15 U.S.C. §1125(a).

52.     As a direct and proximate result of Defendants' illegal activities as alleged above, Macy's has been severely damaged.  Defendants' aforesaid acts have caused, and will continue to cause, irreparable harm to Macy's unless enjoined by this Court.

THIRD CLAIM FOR RELIEF

FALSE ADVERTISING
15 U.S.C. § 1125(a)
(ALL HERITAGE MARKS)

53.     Macy's incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 52, inclusive.

54.     This Claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et. seq., particularly under U.S.C. § 1125(a), and alleges false advertising.

55.     As more fully set forth above, Defendants, through their use of the Infringing Marks and statements made in the advertisement of goods and services offered under the Infringing Marks, falsely suggest that Defendants have a connection to the Heritage Marks and their famous history.  The purchasing public is likely to be deceived as to Defendants' affiliation with Macy's and the historic department stores, and therefore, to use Defendants' services and purchase Defendants' products in reliance on those erroneous beliefs.

56.     As a direct and proximate result of Defendants' illegal activities as alleged

COMPLAINT

10879437.1

1  above, Macy's has been severely damaged. Defendants' aforesaid acts have caused,

2  and will continue to cause, irreparable harm to Macy's unless enjoined by this Court.

FOURTH CLAIM FOR RELIEF
FEDERAL TRADEMARK DILUTION
15 U.S.C. § 1125(c)
(MARSHALL FIELD'S, BURDINES, I. MAGNIN, KAUFMANN'S, MEIER & FRANK, LAZARUS, RICH'S, STRAWBRIDGE'S)

57.  Macy's incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 56, inclusive.

58.  This Claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 et. seq., particularly under 15 U.S.C. § 1125(c), and alleges the commercial use in commerce by Defendants of the Infringing Marks, resulting in dilution of the marks in Macy's Registrations.

59.  As a result of Macy's extensive advertising and promotional efforts, the Heritage Marks are recognized nationwide by the trade and purchasing public as synonymous with the highest quality goods and services.

60.  The Heritage Marks are famous marks that are of inestimable value to Macy's and are relied upon by the trade and the purchasing public to identify and designate Macy's retail department store services, online retail store services, and related goods and services and to distinguish them from the goods and services of others.

61.  Defendants' use in commerce of the Infringing Marks is likely to cause dilution of the distinctive quality of the marks in Macy's Registrations.

62.  Defendants began their use of the Infringing Marks in commerce after the Heritage Marks became famous. Such use of the Infringing Marks commenced recently, in each case many decades after Macy's began use of the corresponding Heritage Marks.

63.  Defendants' store services are of inferior quality, and therefore tarnish Macy's goodwill in the Heritage Marks.

64.     Upon information and belief, Defendants' commercial use of the Infringing Marks is continuing with the willful intent to trade upon Plaintiffs' reputation and to cause dilution of the marks in Macy's Registrations, all to the detriment and damage of Plaintiffs.

65.     Defendants' use of the Infringing Marks has caused and/or is likely to cause dilution by blurring and/or dilution by tarnishment of the marks in Macy's Registrations.

66.     As a direct and proximate result of Defendants' illegal activities as alleged above, Plaintiffs have been severely damaged.  Defendants' aforesaid acts in diluting the marks in Macy's Registrations have caused, and will continue to cause, irreparable harm to Plaintiffs unless enjoined by this Court.

<u>FIFTH CLAIM FOR RELIEF</u>

<u>COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION</u>
<u>(ALL HERITAGE MARKS)</u>

67.     Macy's incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 66, inclusive.

68.     This Claim arises under the common law of the State of California and alleges willful and intentional common law trademark infringement and unfair competition by Defendant.

69.     As more fully alleged above, the use by Defendants of the Infringing Marks constitutes passing off, unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices wherein Defendants' conduct is likely to cause confusion in the trade as to the source of Defendants' department store services, online retail store services, related goods and services and/or is likely to lead the public to believe that Defendants and their department store services, online retail store services, and related goods and services are in some way connected with Plaintiffs when, in fact, they are not, all to the detriment of Plaintiffs and in violation of the common law of the State of California.

70.     As a direct and proximate result of Defendants' illegal activities as alleged above, Plaintiffs have been severely damaged. Defendants' aforesaid acts of unfair

competition have caused, and will continue to cause, irreparable harm to Plaintiffs unless enjoined by this Court.

71.     In doing the things described here, Defendants (and each of them) acted with malice, oppression, and fraud, as defined in California Civil Code section 3294(c), and willfully and with the intent to cause injury to Plaintiffs. Defendants (and each of them) are therefore guilty of malice, oppression, and fraud in conscious disregard of the rights of Plaintiffs, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants (and each of them) and deter others from engaging in similar conduct.

<u>SIXTH CLAIM FOR RELIEF</u>

<u>STATE STATUTORY UNFAIR COMPETITION</u>
<u>California Business and Professions Code § 17200 et seq.</u>
<u>(ALL HERITAGE MARKS)</u>

72.     Macy's incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 71, inclusive.

73.     This Claim arises under California Business and Professions Code § 17200 et seq. and alleges willful and intentional unfair competition by Defendant.

74.     As more fully alleged above, Defendants' acts and conduct as alleged above also constitute "unlawful, unfair, or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business and Professions Code § 17200 et seq.  Defendants' acts and conduct are wrongful, knowing, willing, and malicious and constitute unfair competition under California State law.

75.     As a direct and proximate result of Defendants' illegal activities as alleged above, Plaintiffs have been severely damaged. Defendants' aforesaid acts of unfair competition have caused, and will continue to cause, irreparable harm to Plaintiffs unless enjoined by this Court.

10879437.1

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment as follows:

1.     That a preliminary and permanent injunction be issued enjoining Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them:

      (a)     from using the Heritage Marks or any marks confusingly similar thereto in connection with sale or offering of goods and services;

      (b)     from falsely advertising a connection with Macy's and/or the Heritage Marks and/or the historic department stores;

      (c)     from using any logo, trade name, trademark, or service mark, which may be calculated to falsely represent or which has the effect of falsely representing that goods and/or services of Defendants are sponsored by, authorized by or in any way associated with Plaintiffs;

      (d)     from using the Infringing Marks or from otherwise infringing or diluting the Heritage Marks; and

      (e)     from otherwise unfairly competing with Plaintiffs or infringing Plaintiffs' rights in and to the Heritage Marks.

2.     That Defendants be required to remove from use any web sites, physical or electronic advertisements, collateral, or promotional materials bearing the Infringing Marks.

3.     That Defendants be required to abandon all trademark applications for the Infringing Marks filed with the U.S. Patent and Trademark Office.

4.     That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' false advertising, unfair competition and infringement of Plaintiffs' registered and common law Heritage Marks, and to account to Plaintiffs for all gains, profits and advantages derived by Defendants by virtue of its infringement, and/or that Plaintiffs be awarded Defendants' profits pursuant to 15 U.S.C. § 1117 and state common and statutory law.

COMPLAINT

5.      Alternatively, that the Court award statutory damages of $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117.

6.      That the monetary award to Plaintiffs be increased based on willful infringement pursuant to 15 U.S.C. § 1117.

7.      That the Court find this case to be exceptional and award reasonable attorneys' fees to the Plaintiffs.

8.      For such other and further relief as to the Court may deem just and proper under the circumstances.

DATED: February 9, 2015                    HANSON BRIDGETT LLP


By:_____/s/ Garner K. Weng_____
        GARNER K. WENG
        CHRISTOPHER S. WALTERS
        Attorneys for Plaintiffs
        MACY'S, INC. and MACYS.COM, INC.


<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs Macy's, Inc. and Macys.com, Inc. hereby demand a trial by jury of all claims so triable.

DATED: February 9, 2015                    HANSON BRIDGETT LLP


By:_____/s/ Garner K. Weng_____
        GARNER K. WENG
        CHRISTOPHER S. WALTERS
        Attorneys for Plaintiffs
        MACY'S, INC. and MACYS.COM, INC.

10879437.1

COMPLAINT

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cl.: 39

**Reg. No. 1,273,664**

## United States Patent and Trademark Office

Registered Apr. 10, 1984

### TRADEMARK
**Principal Register**



Marshall Field & Company (Delaware corporation)
111 N. State St.
Chicago, Ill. 60602

For: CLOTHING FOR MEN, WOMEN AND CHILDREN—NAMELY, COATS, JACKETS, DRESSES, SUITS, SKIRTS, BLOUSES, SHIRTS, HATS, CAPS, PANTS, JEANS, SHORTS, SCARVES AND MUFFLERS, SOCKS, TIES, SWEATERS, SHOES, SLIPPERS, UNDERWEAR, LINGERIE, SLEEPWEAR, ROBES, BELTS, GLOVES, SWEATSHIRTS AND SWEATSUITS, in CLASS 25 (U.S. Cl. 39).

First use 1881; in commerce 1881.

The name on the drawing identifies an individual who is now deceased.

Ser. No. 418,693, filed Mar. 24, 1983.

JAMES H. JOHNSON, Examining Attorney

Int. Cls.: 29, 30 and 33

Prior U.S. Cls.: 46 and 47

Reg. No. 1,270,920

United States Patent and Trademark Office

Registered Mar. 20, 1984

## TRADEMARK
### Principal Register



Marshall Field & Company (Delaware corporation)
111 N. State St.
Chicago, Ill. 60602

For: PRESERVES, JAMS AND JELLIES; CHEESE; DRIED FRUITS AND DATES; ROASTED AND SALTED NUTS; PACKAGED MEATS—NAMELY, HAMS, SALAMIS, SAUSAGES; SNAILS AND PATES, in CLASS 29 (U.S. Cl. 46).

First use 1946; in commerce 1946.

For: BAKED GOODS—NAMELY, COOKIES, BROWNIES, CROISSANTS, CRACKERS, BISCUITS, AND CAKES; PLUM PUDDING; CANDIES; ICE CREAMS; ICE CREAM PIES; MAPLE SYRUP; SYRUPS FOR ICE CREAM TOPPINGS;

HARD SAUCES; SPICES; MUSTARD; RELISHES; HONEY; COFFEE, TEA; AND PRETZELS, in CLASS 30 (U.S. Cl. 46).

First use 1946; in commerce 1946.

For: WINES AND LIQUEURS, in CLASS 33 (U.S. Cls. 46 and 47).

First use 1972; in commerce 1972.

The name on the drawing identifies an individual who is now deceased.

Ser. No. 418,664, filed Mar. 24, 1983.

JAMES H. JOHNSON, Examining Attorney

# United States of America

### United States Patent and Trademark Office

# MARSHALL FIELD'S

**Reg. No. 4,476,894**
**Registered Feb. 4, 2014**

**Int. Cl.: 18**

**TRADEMARK**
**PRINCIPAL REGISTER**

MACY'S WEST STORES, INC. (OHIO CORPORATION)
50 O'FARRELL STREET
SAN FRANCISCO, CA 94102

FOR: TOTE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 10-21-2011; IN COMMERCE 10-21-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

THE NAME(S), PORTRAIT(S), AND/OR SIGNATURE(S) SHOWN IN THE MARK DOES NOT
IDENTIFY A PARTICULAR LIVING INDIVIDUAL.

SER. NO. 85-781,929, FILED 11-16-2012.

LAURIE KAUFMAN, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

# United States of America
## United States Patent and Trademark Office

# BURDINES

**Reg. No. 4,504,002**

**Registered Apr. 1, 2014**

**Int. Cls.: 18 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

MACY'S WEST STORES, INC. (OHIO CORPORATION)
50 O'FARRELL STREET
SAN FRANCISCO, CA 94102

FOR: TOTE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 10-21-2011; IN COMMERCE 10-21-2011.

FOR: T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 4-27-2011; IN COMMERCE 4-27-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 1,799,777.

SEC. 2(F).

SER. NO. 85-781,838, FILED 11-16-2012.

ALLISON SCHRODY, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

# United States of America

### United States Patent and Trademark Office

# KAUFMANN'S

**Reg. No. 4,500,315**

**Registered Mar. 25, 2014**

**Int. Cls.: 18 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

MACY'S WEST STORES, INC. (OHIO CORPORATION)
50 O'FARRELL STREET
SAN FRANCISCO, CA 94102

FOR: TOTE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 11-4-2011; IN COMMERCE 11-4-2011.

FOR: T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 4-27-2011; IN COMMERCE 4-27-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-781,924, FILED 11-16-2012.

LAURIE KAUFMAN, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

# United States of America

## United States Patent and Trademark Office

# LAZARUS

**Reg. No. 4,364,626**

**Registered July 9, 2013**

**Int. Cls.: 18 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

MACY'S WEST STORES, INC. (OHIO CORPORATION)
50 O'FARRELL STREET
SAN FRANCISCO, CA 94102

FOR: TOTE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 11-8-2011; IN COMMERCE 11-8-2011.

FOR: T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 4-27-2011; IN COMMERCE 4-27-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-781,928, FILED 11-16-2012.

LAURIE KAUFMAN, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

# United States of America
### United States Patent and Trademark Office

# MEIER & FRANK

**Reg. No. 4,476,895**
**Registered Feb. 4, 2014**

**Int. Cls.: 18 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

MACY'S WEST STORES, INC. (OHIO CORPORATION)
50 O'FARRELL STREET
SAN FRANCISCO, CA 94102

FOR: TOTE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 11-8-2011; IN COMMERCE 11-8-2011.

FOR: T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-21-2011; IN COMMERCE 12-21-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-781,931, FILED 11-16-2012.

LAURIE KAUFMAN, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

# United States of America

### United States Patent and Trademark Office

# RICH'S

**Reg. No. 4,476,896**

**Registered Feb. 4, 2014**

**Int. Cls.: 18 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

MACY'S WEST STORES, INC. (OHIO CORPORATION)
50 O'FARRELL STREET
SAN FRANCISCO, CA 94102

FOR: TOTE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 11-19-2011; IN COMMERCE 11-19-2011.

FOR: T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-2-2010; IN COMMERCE 11-2-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-781,932, FILED 11-16-2012.

LAURIE KAUFMAN, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

# United States of America

### United States Patent and Trademark Office

# STRAWBRIDGE'S

**Reg. No. 4,500,316**

**Registered Mar. 25, 2014**

**Int. Cls.: 18 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

MACY'S WEST STORES, INC. (OHIO CORPORATION)
50 O'FARRELL STREET
SAN FRANCISCO, CA 94102

FOR: TOTE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 12-5-2011; IN COMMERCE 12-5-2011.

FOR: T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-22-2010; IN COMMERCE 10-22-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-781,944, FILED 11-16-2012.

LAURIE KAUFMAN, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

# United States Patent Office

**980,735**
Registered Mar. 26, 1974

## PRINCIPAL REGISTER
### Trademark
### Service Mark

Ser. No. 416,043, filed Feb. 22, 1972

## I. MAGNIN

Federated Department Stores, Inc. (Delaware corporation) doing business as I. Magnin & Co.
222 W. 7th St.
Cincinnati, Ohio 45202

For: HANDBAGS, PURSES, WALLETS, KEYCASES AND CARDCASES, in CLASS 3 (INT. CL. 18).
First use at least as early as 1900; in commerce at least as early as 1926.

For: MEDICATED FOOT POWDER, in CLASS 18 (INT. CL. 5).
First use at least as early as July 1963; in commerce at least as early as July 1963.

For: CLOCKS, in CLASS 27 (INT. CL. 14).
First use at least as early as 1900; in commerce at least as early as 1926.

For: JEWELRY, COSTUME JEWELRY AND NOVELTY JEWELRY, in CLASS 28 (INT. CL. 14).
First use at least as early as 1900; in commerce at least as early as 1926.

For: STATIONERY, ENVELOPES, MEMO PADS, DIARIES, DATE BOOKS, ADDRESS BOOKS, PAPER TOWELS, CLEANSING AND FACIAL TISSUE AND TOILET TISSUE, in CLASS 37 (INT. CL. 16).
First use at least as early as 1900; in commerce at least as early as 1926.

For: WOMEN'S, MEN'S AND CHILDREN'S UNDER AND OUTER CLOTHING—NAMELY, GLOVES, NECKWEAR, HOSIERY, FOOTWEAR, HEADWEAR, SLEEPWEAR, SUITS, SWEATERS, ROBES, COATS, JACKETS, SHIRTS, SLACKS, DRESSES, SKIRTS, FURS, LINGERIE, FOUNDATIONS, BLOUSES, COSTUMES, ENSEMBLES, SLIPS, PANT SUITS, PANT DRESSES, AND SWIM SUITS—in CLASS 39 (INT. CL. 25).
First use at least as early as 1900; in commerce at least as early as 1926.

For: LIQUID DENTIFRICE, HAIR CREAM RINSE, CREAMY OINTMENT APPLIED TO THE FEET, FOOT LOTION, HAND LOTION, BODY LOTION, BUBBLE BATH, in CLASS 51 (INT. CL. 3).
First use at least as early as 1926; in commerce at least as early as 1926.

For: HAIR SHAMPOO, COLD WATER SOAP, BATH AND TOILET SOAPS AND GRANULAR BATH ADDITIVE FOR THE RELIEF OF FOOT DISCOMFORT, in CLASS 52 (INT. CL. 3).
First use at least as early as 1926; in commerce at least as early as 1926.

For: BEAUTY AND WIG SALON SERVICES, in CLASS 100 (INT. CLS. 40 and 42).
First use at least as early as 1900; in commerce at least as early as 1926.

For: RETAIL DEPARTMENT STORE SERVICES, in CLASS 101 (INT. CL. 35).
First use at least as early as 1876; in commerce at least as early as 1926.

For: FUR REPAIRING, CLEANING AND REMODELING PERSONALIZED CLOTHING DESIGNING AND TAILORING SERVICES, in CLASS 103 (INT. CL. 37).
First use at least as early as 1900; in commerce at least as early as 1926.

For: FUR STORAGE, in CLASS 105 (INT. CL. 39).
First use at least as early as 1900; in commerce at least as early as 1926.

Owner of Reg. No. 281,270 and others.

Int. Cls.: 3, 14, 16, 18, 25, 35, 37, 39, 40

and 42

Prior U.S. Cls.: 3, 27, 28, 37, 39, 51, 52,

100, 101, 103 and 105

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 980,735

Registered Mar. 26, 1974

Renewal Term Begins Mar. 26, 1994

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER

# I. MAGNIN

R. H. MACY & CO., INC. (DELAWARE CORPORATION)

151 W. 34TH ST.

NEW YORK, NY 10001, ASSIGNEE OF FEDERATED DEPARTMENT STORES, INC. (DELAWARE CORPORATION), DBA I. MAGNIN & CO., CINCINNATI, OH

OWNER OF U.S. REG. NO. 281,270 AND OTHERS.

FOR: HANDBAGS, PURSES, WALLETS, KEYCASES AND CARDCASES, IN CLASS 3 (INT. CL. 18).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1926.

FOR: CLOCKS, IN CLASS 27 (INT. CL. 14).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1926.

FOR: JEWELRY, COSTUME JEWELRY AND NOVELTY JEWELRY , IN CLASS 28 (INT. CL. 14).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1926.

FOR: STATIONERY, ENVELOPES, MEMO PADS, DIARIES, DATE BOOKS, ADDRESS BOOKS [, PAPER TOWELS, CLEANSING AND FACIAL TISSUE AND TOILET TISSUE], IN CLASS 37 (INT. CL. 16).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1926.

FOR: WOMEN'S, MEN'S AND CHILDREN'S UNDER AND OUTER CLOTHING—NAMELY, GLOVES, NECKWEAR, HOSIERY, FOOTWEAR, HEADWEAR, SLEEPWEAR, SUITS, SWEATERS, ROBES, COATS, JACKETS, SHIRTS, SLACKS, DRESSES, SKIRTS, FURS, LINGERIE, FOUNDATIONS, BLOUSES, COSTUMES, ENSEMBLES, SLIPS, PANT SUITS, PANT DRESSES, AND SWIM SUITS, IN CLASS 39 (INT. CL. 25).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1926.

FOR: [LIQUID DENTIFRICE, HAIR CREAM RINSE, CREAMY OINTMENT APPLIED TO THE FEET, FOOT

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on June 28, 1994.*

COMMISSIONER OF PATENTS AND TRADEMARKS

2                                         980,735

LOTION,] HAND LOTION, BODY LOTION, BUBBLE BATH, IN CLASS 51 (INT. CL. 3).

FIRST USE 0–0–1926; IN COMMERCE 0–0–1926.

FOR: HAIR SHAMPOO, COLD WATER SOAP, BATH AND TOILET SOAPS [AND GRANULAR BATH ADDITIVE FOR THE RELIEF OF FOOT DISCOMFORT], IN CLASS 52 (INT. CL. 3).

FIRST USE 0–0–1926; IN COMMERCE 0–0–1926.

FOR: BEAUTY AND WIG SALON SERVICES, IN CLASS 100 (INT. CLS. 40 AND 42).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1926.

FOR: RETAIL DEPARTMENT STORE SERVICES, IN CLASS 101 (INT. CL. 35).

FIRST USE 0–0–1876; IN COMMERCE 0–0–1926.

FOR: FUR REPAIRING, CLEANING AND REMODELING PERSONALIZED CLOTHING DESIGNING AND TAILORING SERVICES, IN CLASS 103 (INT. CL. 37).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1926.

FOR: FUR STORAGE, IN CLASS 105 (INT. CL. 39).

FIRST USE 0–0–1900; IN COMMERCE 0–0–1926.

SER. NO. 72–416,043, FILED 2–22–1972.

# EXHIBIT B



2/3/2015

Strategic Marks LLC brought back the old shopping experiences and brands you remember.
We're building a really cool experience that encompasses choice, selection and service to everyday shopping, something we believe has been lost over the years.

Strategic Marks LLC, the department stores represented, and Retro Department Stores are not affiliated with any of the former owners/users of the trademarks referenced on this website.

# EXHIBIT C



HOME   CONTACT   ABOUT

 SHOP   JOSEPH MAGNIN®

 SHOP   Bullock's™

 SHOP   MAY COMPANY™

 SHOP   ROBINSONS™

 SHOP   Jordan Marsh™

 SHOP   FILENE'S™

 SHOP   BROADWAY®

 SHOP   The BON MARCHÉ®

 SHOP   Abraham & Straus™

 SHOP   Burdine's™

SHOP   RICH'S™

SHOP   foley's

## Rich's™

Thank you for coming to Rich's! The First Rich's was a department store retail chain, headquartered in Atlanta, Georgia, that operated in the southern U.S. from 1867 until March 6, 2005 when the nameplate was eliminated and replaced by Macy's. Many of the former Rich's stores today form the core of Macy's Central, an Atlanta-based division of Macy's, Inc., which formerly operated as Federated Department Stores, Inc. Retro Fashion Mall™ is excited to have Rich's™ Department Store part of our virtual mall. The store will cater to local Southerners and those who used to live in the Atlanta area at some point in time. Rich's has the local feel of Atlanta and its surrounding areas, with products and services as you remember them growing-up and going to the original Rich's. The, 'Georgia Peach' has come back with all the excitement as you remembered. Look for local products, sources from local buyers, along with events catering to the Georgia market. We hope to bring back the amazing legacies you remember; such as Great Tree and the Pink Pig.



Add to Cart

Like   213 people like this.



Farts Candy - 1lb Bulk - Sour Watermelon

$7.50

Add to Cart



David's Signature Beyond Gourmet Jelly Beans Cranberry

$159.99

Add to Cart



Farts Candy - 1lb Bulk - Fruiti Farts Mix

$7.50

Add to Cart



Astro Pops Hat - Yellow

$19.99



Farts Candy - 1lb Bulk - Cherry

$7.50



Copyright 2015 :: Strategic Marks LLC

# EXHIBIT D



HOME   CONTACT   ABOUT

 JOSEPH MAGNIN®

 Bullock's™

 MAY COMPANY™

 ROBINSONS™

 Jordan Marsh

 FILENE'S™

 BROADWAY®

 The BON MARCHÉ®

Abraham & Straus™

Burdine's

RICH'S

foley's

## Marshall Field's™

Retro Fashion Mall™ is proud to bring back a legend! Marshall Field's, a Chicago based company with over 160 year history. Marshall Field's helped establish Chicago's prominence throughout the world in business, art, culture, and education. The day Marshall Field's closed its doors and changed its name, in 2006, over 250 protestors fill State Street in outrage. Over the years these loyal patrons have continued to speak-up and we have heard you! The same Marshall Field's you remember growing up with is back. Local Chicago buyers, sourcing the most amazing regional products. In time, Retro Fashion Mall™ plans to open new brick and mortar stores in Chicago



Add to Cart

 213 people like this.



Farts Candy - 1lb Bulk - Sour Farts Mix

$7.50

Add to Cart



David's Signature Beyond Gourmet Jelly Beans Lemon

$159.99

Add to Cart



Astro Pops Hat - Green

$19.99

Add to Cart



David's Signature Beyond Gourmet Jelly Beans Peach

$159.99



Farts Candy - 1lb Bulk - Root Beer

$7.50

Case3:15-cv-00612-SC   Document1   Filed02/09/15   Page42 of 45



Copyright 2015 :: Strategic Marks LLC

# EXHIBIT E



HOME    CONTACT    ABOUT



## About

We've heard it countless times before… remember the good ole days when it was a treat to shop at our local department store? We miss those details, such as Joseph Magnin's Wolves Den, Jordan Marsh's delicious blueberry muffins, and The Bon Marche's catchy jingle. What about the salesperson who knew what you liked and would always put items aside just for you?

**We brought back 21 of the greatest department stores!**
Now, through Retro Departmentstores.com and later Retrofashionmall.com, we brought back twenty-one of the greatest department stores of the 20th century: including Joseph Magnin, Bullock's, May, Robinson's May, Jordan Marsh, Filene's, The Broadway, The Bon Marche, Abraham & Strauss, Marshall Field's and many more.

**The Plan**
This site is only the beginning. You'll see even more selection within each store over the coming months as a "nostalgic" virtual mall. The next phase is to branch out with unique accessories at small boutiques, followed by exclusive apparel created by up-and-coming designers, culminating later with actual "Brick and Mortar" stores throughout the United States stocked with a full line-up of localized products. We're thrilled to bring back a little part of Americana so watch this site for more updates!

Like  213 people like this.

Case3:15-cv-00612-SC   Document1   Filed02/09/15   Page45 of 45



Copyright 2015 :: Strategic Marks LLC